UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CARMEN RAQUEL RINCON VIERA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION FACILITY,<br><br>Respondent. | No. 1:26-CV-00394-H |

**ORDER**

Petitioner Carmen Raquel Rincon Viera, a self-represented immigrant detainee, filed a habeas petition to challenge her detention pending immigration proceedings. Dkt. No. 1. She recently filed an emergency motion for temporary restraining order to prevent her transfer to a different facility or her removal while her habeas case remains pending and to require seven days' notice of any intended transfer or removal. Dkt. No. 12. As explained below, the Court denies the emergency motion.

**1. Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and

(4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## 2. Analysis

First, Petitioner seeks relief on an emergency basis, but she has not met the requirements for emergency relief. She did not include a declaration made under penalty of perjury or allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, she is not entitled to relief without giving the respondent the opportunity to be heard.

Next, the Court finds that Petitioner has not met the required elements for a TRO. She has not pled any facts to show that she faces a substantial threat of serious harm, that the balance of hardships weighs in her favor, or that the requested TRO will serve any public interest. She asks the Court to prevent her transfer or removal while this case is pending, but she pleads no facts to show that her transfer or removal is imminent. In fact, she asserts that her

immigration proceedings are ongoing, and she is not subject to a final removal order. And, as she acknowledges, her transfer to a different facility will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). And because Petitioner has not shown any imminent threat of transfer or removal, briefing in this case is now complete, and the respondent has committed to provide "at least three days' notice before executing any removal" order against Petitioner, the Court likewise denies the request to require seven days' notice. Thus, the Court denies the motion for TRO.

Finally, and in any event, the Court must deny Petitioner's request for stay of removal for lack of jurisdiction. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Court therefore lacks jurisdiction to stay Petitioner's removal.

Petitioner's petition remains pending, and the Court will review it in due course.

So ordered.

Dated October 1, 2026.

JAMES WESLEY HENDRIX
United States District Judge